IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DENISE McGINNIS,<br>in her own right as administratrix of the<br>Estate of DAVID W. McGINNIS, and as<br>parent and natural guardian of,<br>DUSTIN J. McGINNIS,<br>a minor, and<br>DAVID L. McGINNIS,<br>    Plaintiffs,<br><br>    v.<br><br>WESTMORELAND COUNTY,<br>NAPHCARE, INC., and<br>JOHN R. WALTON,<br>Warden of Westmoreland County Prison,<br>    Defendants. | Civil Action No. 11-1194<br>Magistrate Judge Cynthia Reed Eddy |

**MEMORANDUM AND ORDER**

The McGinnis plaintiffs have brought this action on their own behalf and on behalf of the Estate of David McGinnis, deceased, who tragically committed suicide on June 15, 2010, while incarcerated in the Westmoreland County Prison. Defendants are Westmoreland County, Naphcare, Inc., an Alabama corporation under contract with Westmoreland County to provide services at the prison, and John R. Walton, Westmoreland County Prison Warden.

The Complaint [ECF No. 1] avers that decedent's history and behaviors, as well as being advised by federal agents that David McGinnis should be placed on suicide watch, subjectively and objectively indicated that he was particularly vulnerable and at increased risk for suicide, and that defendants' failure to properly train and supervise employees and agents of the Westmoreland County Prison and Naphcare in the proper recognition of suicide signs and factors exhibited deliberate indifference to decedent's vulnerability, and contributed to his wrongful death. The Complaint purports to arise under section 1983, 42 U.S.C. § 1983, and "any state law

1

claims form part of the same case or controversy as the § 1983 claims." Complaint, [ECF No. 1, at ¶ 1] Count I states a claim for deprivation of civil rights pursuant to the Eighth and Fourteenth Amendments; Count II states a state common law negligence claim; and Count III states a claim for wrongful death.

Naphcare has filed an answer [ECF No. 20] and Westmoreland County and Warden Walton filed a motion to dismiss for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). [ECF No. 17]

In light of the Supreme Court's decision in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), a complaint may be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 570). While Conley v. Gibson, 355 U.S. 41, 45-46 (1957) allowed dismissal of a claim only if "no set of facts" could support it, under Twombly, and Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009), a claim for relief under Rule 12(b)(6) now "requires more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 556 U.S. 662, 129 S.Ct. at 1950.

In Iqbal, the Supreme Court held that a claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendants are liable for the misconduct alleged. Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), citing Iqbal, 556 U.S. 662, 129 S.Ct. at 1949-50. The plausibility standard in Iqbal "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. 662, 129 S.Ct. at 1949. While well-pleaded factual content is accepted as true for purposes of whether the complaint states a plausible claim for relief, legal conclusions couched as factual allegations or "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to an assumption of truth. Iqbal, 566 U.S. 662,129 S.Ct. at 1949. "Where the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.' " Iqbal, 566 U.S. 662, 129 S.Ct. at 1950, quoting Fed.R.Civ.P. 8(a)(2). In order to satisfy the requirement of Fed.R.Civ.P. 8(a)(2) that a plaintiff include a "short and plain statement of the claim showing that the pleader is entitled to relief," a plaintiff must aver sufficient factual allegations which "nudge" its claims "across the line from conceivable to plausible." Id.

As the Court of Appeals for the Third Circuit explained in Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009):

> . . . The Supreme Court's opinion in Iqbal extends the reach of Twombly, instructing that all civil complaints must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949.
>
> Therefore, after Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." Id. at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. See Phillips, 515 F.3d at 234-35. As the Supreme Court instructed in Iqbal, . . . [the] "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In considering a Rule 12(b)(6) motion, a court accepts all of the plaintiff's allegations as true and construes all inferences in the light most favorable to the non-moving party. Umland v. Planco Fin. Servs., 542 F.3d 59, 64 (3d Cir. 2008) (citing Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006)). However, a court will not accept bald assertions, unwarranted

3

inferences, or sweeping legal conclusions cast in the form of factual allegations. See In re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 215 (3d Cir. 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 n. 8 (3d Cir. 1997). A court is not required to consider legal conclusions; rather, it should determine whether the plaintiff should be permitted to offer evidence in support of the allegations. Maio v. Aetna, 221 F.3d 472, 482 (3d Cir. 2000).

Therefore, a plaintiff must put forth sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir. 2008) (citing Phillips, 515 F.3d at 224). However, this standard does not impose a heightened burden on the claimant above that already required by Rule 8, but instead calls for fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." Weaver v. UPMC, 2008 WL 2942139, *3 (W.D.Pa. July 30, 2008) (citing Phillips, 515 F.3d at 234; and Twombly, 550 U.S. at 555).

The Eighth and Fourteenth Amendments impose upon prison officials a duty to address the serious medical needs of a pretrial detainee, including psychiatric needs. Colburn v. Upper Darby Township (Colburn I), 838 F.2d 663, 668-69 (3d Cir. 1988). If prison officials know of a particular detainee's vulnerability to suicide, they may not be deliberately indifferent to that vulnerability. See Simmons v. City of Philadelphia, 947 F.2d 1042, 1064 (3d Cir. 1991); Williams v. Borough of West Chester, 891 F.2d 458, 464 (3d Cir. 1989).

A local government entity may be held liable under section 1983 only when the plaintiff demonstrates that the government entity itself caused the plaintiff's injury through the implementation of a policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A policy is an official proclamation or edict of a municipality while a custom is a practice that is

so permanent and well settled as to virtually constitute law. Beck v. City of Pittsburgh, 89 F.3d 966, 971 (3d Cir. 1996) (citations omitted). The plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." Brown v. Muhlenberg Twp., 269 F.3d 205, 214 (3d Cir. 2001) (quoting City of Canton v. Harris, 489 U.S. 378, 385 (1989)). It must be the policymaker's actions that "directly caused constitutional harm." Gottlieb ex. rel. Calabria v. Laurel Highlands Sch. Dist., 272 F.3d 168, 175 (3d Cir. 2001).

To succeed on a claim against supervisors in their individual capacities based on prison policy or practices, plaintiffs must identify a specific policy or practice that the supervisors failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice. See Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989). In the context of prison suicides, the Third Circuit has explained that a plaintiff must: (1) identify specific training not provided that could reasonably be expected to prevent the suicide that occurred; and (2) demonstrate that the risk reduction associated with the proposed training is so great and so obvious that the failure of those responsible for the content of the training program to provide it can reasonably be attributed to a deliberate indifference to whether the detainees succeed in taking their lives. Colburn, 946 F.2d at 1030.

Viewed in light of the forgoing liberal pleading standards, this Court finds that, with one exception, the allegations of the complaint, when taken as true, allows the Court to draw a reasonable inference that the defendants are liable for the misconduct alleged, and that the complaint meets the plausibility and fair notice standards enunciated in Twombly and Iqbal. See

5

also, Fowler v. UPMC Shadyside, 578 F.3d at 210, quoting Iqbal, 129 S.Ct. at 1948-49. ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible. This then 'allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'"). The Complaint is certainly not "threadbare," but to the contrary, has fleshed out the parameters of the claims and of defendants' conduct with sufficient detail as to put defendants on fair notice of the claims against them. Therefore, the Court will deny the motion to dismiss for the most part.

The one exception is Plaintiffs' common law claim for negligence which, Plaintiffs concede, is foreclosed by the Pennsylvania Political Subdivisions Tort Claims Act, 42 Pa.C.S.A. § 8541 *et seq*. This claim will be dismissed.

Accordingly, for the foregoing reasons,

AND NOW, this 8th day of February, 2012, after due consideration to defendants' motion to dismiss the complaint [ECF No. 17], and plaintiff's response thereto [ECF No. 24], IT IS HEREBY ORDERED that defendants' motion to dismiss is GRANTED as to Plaintiffs' common law claim for negligence only; otherwise the motion to dismiss is DENIED without prejudice to defendants raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

By the Court:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
United States Magistrate Judge

cc: all counsel of ECF record